IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMBER MARIE TATTRIE, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:23-cv-079 |
| | ) |
| v. | ) By:  Michael F. Urbanski |
| | ) Chief United States District Judge |
| CEI-ROANOKE, LLC d/b/a | ) |
| VOYANT BEAUTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Amber Tattrie's Motion for Leave to File an Amended Complaint against defendant CEI-Roanoke ("Voyant") pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 18. The court had previously dismissed Tattrie's claim under the Virginia Human Rights Act ("VHRA") without prejudice, as Tattrie had not obtained the requisite Notice of Right to Sue from the Virginia Office of Civil Rights ("VOCR"). ECF No. 14. The court also dismissed Tattrie's Bowman claim, Claim Five, with prejudice. Id.

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 15(a)(2), the court **GRANTS** Tattrie's Motion for Leave to File an Amended Complaint, ECF No. 18, and **DIRECTS** the clerk to docket Tattrie's First Amended Complaint, ECF No. 18-2, separately on the docket. After full briefing and argument, the court dismissed Claim Five of the original complaint with prejudice. ECF No. 14. As no new facts have been pled that would revive this nonviable claim, the court again **DISMISSES** Claim Five of the First Amended Complaint with prejudice.

1

## I. Background

The facts underlying Tattrie's claims are recited in detail in the court's prior Memorandum Opinion. ECF No. 21. As relates to the present motion, Tattrie filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2022, alleging that Voyant had discriminated against her based on sex and retaliated against her for engaging in protected activity. See Compl., ECF No. 1, at ¶ 13. In her EEOC charge, Tattrie asked that the EEOC dual file her charge with the relevant state agency. EEOC Charge, ECF No. 1-1, at 10. At Tattrie's request, the EEOC issued a Notice of Right to Sue, or a "right-to-sue letter," on January 27, 2023. Compl., ECF No. 1, at ¶ 16. Tattrie initiated the present lawsuit on February 6, 2023, bringing claims based in federal and state law. Id.

Earlier this year, Voyant sought to dismiss Tattrie's VHRA claim because Tattrie had failed to obtain a right-to-sue letter from the VOCR. Mem. Supp. Mot. Dismiss, ECF No. 5. On June 26, 2023, the court granted the motion to dismiss this claim but noted that the dismissal was without prejudice, to "permit[] Tattrie the opportunity to request a right-to-sue notice from the VOCR." Mem. Op., ECF No. 13, at 8.

Tattrie made this request through counsel on August 4, 2023, VOCR File, ECF No. 24-1, at 2, and the VOCR issued her a right-to-sue letter on August 7, 2023, Mot. Leave Am., ECF No. 18, at 2. Records obtained by Voyant through a Freedom of Information Act request begin with Tattrie's August 4, 2023, request, suggesting that the VOCR had not previously opened a file on Tattrie's charge. VOCR File, ECF No. 24-1. Once Tattrie had the right-to-sue letter in hand, she filed the instant motion for leave to amend her complaint on October 11, 2023. Id.

2

## II. Law

Leave to amend a pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure should be "freely granted." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "Leave to amend should be given absent some stated reason, such as undue delay, bad faith, futility, or undue prejudice to the opposing party." Red Bird Egg Farms, Inc. v. Pennsylvania Mfrs. Indem. Co., 15 Fed Appx. 149, 154 (4th Cir. 2001). Further, a court may deny leave to amend where the proposed amendment is "clearly insufficient or frivolous on its face." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014) (internal citation omitted). For example, an amendment is futile where the amended pleading could not survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995); Miller v. Jack, No. 1:06-CV-64, 2007 WL 1169179, at *1 (N.D.W. Va. Apr. 19, 2007).

## III. Analysis

Voyant opposes the instant motion to amend, contending that the motion is (A) futile, as Tattrie failed to file, present, or procedurally exhaust her claims with the VOCR; and (B) untimely and prejudicial. Mem. Opp'n Mot. Am., ECF No. 21. The court finds neither of these arguments persuasive.

### A. Futility

Voyant first argues that Tattrie's motion to file an amended complaint should be denied as futile. Mem. Opp'n Mot. Am., ECF No. 21, at 2.

Both Title VII of the Civil Rights Act of 1964 ("Title VII") and the VHRA mandate that plaintiffs first exhaust their administrative remedies with the relevant agency—the EEOC and VOCR, respectively—before filing their claims in court. 42 U.S.C. § 2000e-5(b), (e)(1),

(f)(1); Va. Code Ann. § 2.2-3907. Once a complainant submits a charge to either the EEOC or VOCR, the agency must notify the employer and initiate an investigation. 42 U.S.C. § 2000e-5(b); Va. Code Ann. § 2.2-3907(B). With either agency, a complainant is entitled to a right-to-sue letter from the agency with which the complaint was filed within 180 days after filing. 42 U.S.C. § 2000e-5(f); Va. Code Ann. § 2.2-3907(H); 1 Va. Admin Code § 45-20-87.

Voyant argues that, because Tattrie did not file her charge of discrimination directly with the VOCR, she failed to properly initiate the process set forth under the VHRA. Mem. Opp'n Mot. Am., ECF No. 21, at 2–4. A nearly identical argument was rejected in Hairston v. Nilit America, Inc., No. 4:23-CV-00011, 2023 WL 8011089 (W.D. Va. Nov. 20, 2023). There, the court looked to the Workshare Agreement ("WSA") to which both the VOCR and EEOC are parties. Id. at *3. The WSA states as follows:

> In order to facilitate the assertion of employment rights, the EEOC and the [VOCR] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. <u>The EEOC's receipt of charges on the [VOCR]'s behalf will automatically initiate the proceedings of both the EEOC and the [VOCR]</u> for the purposes of Section 706(c) and (e)(1) of Title VII.

WSA, ECF No. 12-1, at ¶ II.A. (emphasis added).[1] "By its plain terms, then, the WSA establishes that filing a charge of discrimination with the EEOC 'automatically initiate[d]' proceedings with the VOCR." Hairston, 2023 WL 8011089, at *3. The reasoning in Hairston is compelling:

> Because Hairston presented her charge to the EEOC, who is the VOCR's "agent for the purpose of receiving ... charges,"

---

[1] The WSA's initial term was from October 1, 2020, until September 30, 2021, see id. at ¶ VI.F. The WSA was extended through September 30, 2023. WSA Extension, ECF No. 12-3.

4

> Hairston fulfilled her statutory obligation to initiate proceedings with that agency. Accord [Fort Bend County v. ]Davis, 139 S. Ct. [1843, ]1846 [(2019)] ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other."). Moreover, when Hairston requested a right-to-sue letter from the VOCR, it immediately issued her one. "The receipt of [a] right to sue notice standing alone is a sufficient allegation of [a party's] exhaustion of her administrative remedies and satisfaction of the statutory prerequisite to filing a lawsuit." Parikh-Chopra [v. Strategic Mgm't Servs., LLC, Case No. CL 2021-0003051,] 2021 WL 9918463, at *4 [(Va. Cir. Ct. Dec. 9, 2021) (unpublished)]; see also Wojcicki v. Aiken Tech. College, 360 F. App'x 484, 488 (4th Cir. 2010) (indicating that the receipt of a right-to-sue letter is evidence that administrative remedies were exhausted).

Id. This rationale applies with equal force here: when Tattrie filed her charge with the EEOC, she met her obligation under the VHRA. Even if the VOCR did not open a file on Tattrie's charge until August 2023, "under the terms of the WSA," Tattrie "fulfilled her timely initiation obligation." Id. at *4.

Three additional factors deemed persuasive in Hairston are also present here. Id. First, Tattrie's charge of discrimination filed with the EEOC "is replete with references to alleged violations of state law, and she expressly requested that her charge be dual filed." Id. Second, the VOCR's right-to-sue letter "expressly referenced the EEOC charge number associated with" Tattrie's June 8, 2022, filing, "indicat[ing] that it was that charge . . . that was being terminated." Id. Third, the EEOC is unable to investigate claims until proceedings have been (1) initiated in the relevant state agency and (2) pending for sixty days. 42 U.S.C. § 2000e-5(c). The WSA eliminates the second requirement, but not the first. See Moss v. Saja Rest. Grp., LLC, No. 5:22-cv-00014, 2023 WL 3034605, at *11 n.12 (W.D. Va. Apr. 21, 2023). "[T]he

5

EEOC's investigation and issuance of a right-to-sue letter are strong indicia—if not dispositive of the fact—that the EEOC believed it had the authority to investigate [Tattrie's] claim, meaning that it (like [Tattrie]) had every reason to believe that [Tattrie's] filing initiated a charge with the VOCR." Hairston, 2023 WL 8011089, at *4.

Just as in Hairston, the court concludes that Tattrie has "performed every step required of her, and her claim is properly before this court." Id. at *5. Amendment, therefore, is not futile.

### B. Untimeliness & Prejudice

Voyant contends that Tattrie's motion to amend her complaint is untimely and prejudicial, given the timelines of this case and the different remedies available under the VHRA and Title VII. ECF No. 21, at 7.

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)] An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).

Here, the proposed amendment is neither untimely nor prejudicial. Tattrie sought a right-to-sue letter from the VOCR shortly after this court dismissed her VHRA claim and moved to amend her complaint within a reasonable time after obtaining the right-to-sue letter.

6

Even if Tattrie had delayed, "[d]elay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." Laber, 438 F.3d at 426.

Further, Tattrie's motion to amend her complaint to reinstate the VHRA claim cannot come as a surprise to Voyant. Voyant has been aware of both the general facts underlying this action since the EEOC charge was filed in June 2022 and Tattrie's desire to bring a claim under the VHRA since this suit was initially filed in February 2023. The court's prior memorandum opinion put Voyant on notice that the Tattrie could cure the defect with her VHRA claim by obtaining a right-to-sue letter from the VOCR. Mem. Op., ECF No. 13, at 8. Should the parties conclude that the revival of the VHRA claim requires discovery beyond that necessary for the Title VII claim, the court will consider motions for additional discovery.

## IV. Conclusion

For the aforementioned reasons, the court **GRANTS** Tattrie's Motion for Leave to File an Amended Complaint, ECF No. 18, and **DIRECTS** the clerk to docket Tattrie's First Amended Complaint, ECF No. 18-2, separately on the docket. The court **DISMISSES** Claim Five of the First Amended Complaint with prejudice.

It is **SO ORDERED**.

Entered: November 29, 2023

Michael F. Urbanski
Chief United States District Judge